23-11-67, 23-11-95 Great American Fidelity Insurance Company v. Stout Risius Ross Incorporated et al. Oral argument not to exceed 15 minutes per side. Mr. Kolodil, can you pronounce your last name? Kolodil. Mr. Kolodil for the Plaintiff Appellant Cross Appellate. Okay, I recognize that we actually have two appeals here, that Great American has an appeal and the other side, Stout, has an appeal too, but I want them to be argued together. We're not going to do one appeal here and then all of a sudden do the other appeal. So we're arguing all the issues on both appeals right now. Okay. Thank you, Your Honor, and may it please the Court, Douglas Kolodil, appearing on behalf of Great American Fidelity Insurance Company. There are two issues for this Court to decide Great American's requested relief. The first one is whether Exclusion F precludes a duty to defend the underlying actions, both of them, because the allegations were based on or arise out of an alleged violation of ERISA. This is before the amendments? This is ab initio, Your Honor. Right from the allegations in the complaint. Okay, I mean, the way I looked at the case, that there is a crucial date where the claims of the underlying complaint were amended on September 25, and the way I looked at it, there were claims that arguably had coverage before September 25, and then when the claims were dismissed voluntarily after September 25, the underlying case was considerably different. And so I guess I want you to specify what time period you're looking at. Are you saying that, first of all, I mean, as to the pre-September 25 period, when the complaint claims were numerous, I mean, your argument there is there was no coverage despite the ruling by the District Court, and that's what you're arguing right now? That's correct, Your Honor. Before the amendment of the complaint. Because I tend to agree with you, after September 25, there is no coverage, and I know that's the other appeal. That's correct. So let's just specify, we're talking about pre-September 25 right now. Pre-amendment. Pre-amendment. And the reason that everything went away after the amendment was there was only a securities violation. There was one claim, and your position is that excluded from coverage, and the District Court bought that, and I think you're on solid your appeal before that. There are numerous claims. The law is that if it's arguable coverage, you have a duty to defend, and you're saying there was no even arguable coverage before September 25. That's correct, Your Honor. Tell me why. So if you read the allegations in the complaint, and we have outlined them in our brief, but the allegations that are critical are the incorporations of all the prior causes of action, and that includes the allegations related to the ERISA claim that the District Court dismissed as excluded under Exclusion F. And so what we have here are allegations made against Stout in its capacity as a contractor with the trustee of the ERISA plan to perform valuations. And in the performance of the valuations, Stout is alleged to have been complicit in its valuation to the benefit of the company versus the ERISA plan beneficiaries. And so that is the trigger for the ERISA violation under the causes of action that were alleged at the beginning of the case. And those are confirmed by both the arguments made in Stout's motions to dismiss the underlying actions based on ERISA preemption. And the question becomes, why would a party argue the claim is preempted by ERISA if it didn't arise out of an ERISA violation? I think you're kind of looking at the final answer, but I think for coverage, isn't it you're looking at what the complaint asserts? And the complaint might be completely off the wall as to whether or not it has a state law cause of action, but if it's filed a state cause of action, doesn't that give rise to a duty to defend it until you've proven in court that there's no state law cause of action? And so, Judge Bush, what we're arguing here is not because they argued ERISA preemption, the claims are barred. But what those arguments made by Stout in the underlying actions show is a confirmation that there is an allegation of a violation of ERISA. So you are looking... But the complaint itself says it's a state law violation, doesn't it? Yeah, and you look at the complaint, don't you? Doesn't the complaint control whether there is a duty to defend as opposed to what the defendant thinks it does? I mean, isn't the complaint the document that's dispositive? Absolutely, Judge. Okay. So, I'm sorry. Well, I mean, if it alleges some state law claims that should be preempted, it still alleges state law claims which are arguably covered. And so... I'd have to disagree with you on just the fact that they are state law claims that they become covered. Because the state law claims in this instance, and that's elucidated by the opinion of the Seventh Circuit in the affirmance of the Stout's argument that ERISA preemption applies. There are violations for non-fiduciaries such as Stout that fall within the acts that Stout performs in connection with the ERISA plan valuation. So, just because it's a state law claim... And by the way, the Seventh Circuit found that those common law claims were preempted because they fell within ERISA. There's an allegation of a violation of Stout's ERISA obligations. They're non-fiduciary obligations that Stout owes to the beneficiaries. And so, that is why the allegations in the complaint and the claims of fraud and misrepresentation associated with Stout's complicity with the trustees and the directors and the other defendants in the case brings it within Exclusion F because it arises out of or is based on a violation of ERISA. Okay. Well, I think you're confusing the duty to defend from the duty to indemnify. And I think they're much different duties. I think you're right. At the end, the claims don't have merit because they are preempted. But the duty to defend is a much different analysis. And I think you're kind of confusing the two. But if there is no coverage at all... Well, but you look at whether there's... Whether there's no coverage at all is not the standard. If the claim is arguably covered by the policy, it's arguable, I think that's the standard. Correct. Rather than whether there is coverage. And what we're saying here is that it's not even arguable because Exclusion F encompasses all of the allegations, including the common law allegations. Okay. And so that is our position. And then with regard to the reimbursement, those are tethered to the fact that the pre-Second Amendment claims were incorporated within that and that the District Court was correct in applying at least the $60,000 aspect of it in terms of reimbursement under Michigan law. And so I'd like, unless the Court has any questions right now, any further questions, I'd like to reserve the rest of our time for rebuttal. Very well. You'll have your three minutes rebuttal. Thank you. Good morning, Your Honors. May it please the Court, my name is Andrew Gagne. I represent Stout, Razias, Ross on appeal. Great American's argument about the applicability of the ERISA exclusion must be rejected. It's just not consistent with the exclusion's actual language. Great American's argument is summarized in a single statement in its response, if you may read it in. Quote, every allegation against Stout, other than the allegations of securities law violations, is based on or arises out of its work for the ESOP plan. As in, both lawsuits arose out of Stout's engagement by and services for the ESOP trustees. But that's not what the ERISA exclusion in the policy states. It does not purport to remove coverage for any civil proceeding that is based on work for an ESOP plan, nor does it purport to apply to any action that merely relates to ERISA, which in this case is the preemption standard. Instead, and as our district court correctly recognized, Great American must demonstrate as a matter of law, the actions and allegations against Stout were based on alleged violation of ERISA or arose from alleged violation of ERISA. We still have not seen an explanation for how a negligent misrepresentation claim could arise from an alleged violation of ERISA. Second, as to our contention on appeal, while the district court got it right with respect to the inapplicable ERISA exclusion, we contend that the court erred in holding that the federal securities fraud exclusion applied to the Appian ESOP's second amended complaint. Yeah, and why is that? Because aren't there only securities claims pled in that second amended complaint? That's correct, Your Honor. So that's a bit of a tricky argument for you. It is, and we acknowledge that. What we would say is, based on our review, we haven't found any published Michigan appellate opinions stating that the duty to defend terminates in that instance. We think the facts of this case are unique. The dismissals occurred for non-merits reasons. It was ERISA preemption. If you look at the two complaints side by side, and again, we've talked about the primacy of the complaint in determining the duty to defend, the allegations are identical. They weren't changed at all. The only thing that changed was that dismissed claims were not repled. I mean, the facts are still pled, but the claims are narrowed. That's correct, Judge Griffin. And that's what you look at for a duty to defend, or what are the claims? That's correct. And that's really what we've been hammering in our briefing. Michigan law is very, very clear that it's the allegations that matter, not the expressly pled causes of action, not whether the third party plaintiff may or may not recover in the end, which is an indemnification issue. On this point, we argue that the court should be guided by its opinion in City of Sandusky v. Corrigus Insurance. That's a 2006 opinion, involved equivalent Ohio law. In that case, the plaintiff alleged violation of the ADA and asserted claims for damages and equitable relief. The policy only covered damages claims, and those claims were dismissed in a non-final order with the equitable claims proceeding. So very similar procedurally to this case. This court found that the subject policy did not clearly specify when the duty to defend would terminate. And that is the case with our policy as well. There's no provision specifying when the duty would terminate. And looking to other jurisdictions and with equivalent policy considerations in mind, this court held that the insurer was required to maintain its defense at least through a final judgment. Ohio law is clear that an insurer must precisely define the scope of its defense if it expects to defend on the ground that its duty was extinguished. We've cited equivalent Michigan Supreme Court law. There are other opinions as well from this circuit, analyzing California, Kentucky law, holding the same, that the duty should continue at least until the point of a final judgment. And I think that makes sense with the focus on the allegations in the underlying complaint and also with the fact that the policy is silent as to when the duty actually terminates. Also in this case, as we've briefed, we're now on appeal in the FB on ESOP action that's in the Seventh Circuit. Great American accepted our tender of that appeal. So that just further illustrates the fact that these conditions are constantly changing and that's the rule that we would advocate for in this instance. Lastly, we contend that the district court erred in granting reimbursement of defense costs to Great American for its defense of the Second Amendment complaint. This was based on its ruling that the duty to defend did terminate based on that amended complaint. The amount at issue, at stake, is about $60,000. Of course, we argue that the duty... Can I just ask why that's wrong? I mean, does Michigan generally recognize the doctrine of implied effect contracts? Yes. Michigan does. There's no specific carve out from that rule in Michigan for insurance contracts? In other words, there's no rule that in this particular case, an insurer can't have an implied effect contract and we're making an eerie guess. So against that backdrop, what's the best clues we have for Michigan that Michigan would not recognize an implied effect contract under these circumstances? Well, the opinions that have been raised in the briefing all discuss the possible theory of recovery of reimbursement as implied in law contract theory, unjust enrichment. So that's our first argument. What's wrong with it? I mean, Michigan recognizes that, doesn't it? Unjust enrichment as a method of recovery? Yes. Yes. Michigan... What's the difference between unjust enrichment and implied contract, practically speaking, in this case? Well, I think with implied contract, you're getting into issues of mutual assent, consideration. The argument we've made on those issues is that under applicable law, a great American had a duty to defend arguably covered claims up until the point that the district court declared otherwise. Okay. Say we disagree with you, that the district court was correct, that as of September 25, there was no arguable duty to defend. They nevertheless defended under reservation of rights, which is the appropriate thing to do. And they incurred these defense costs. And now they say that we are entitled under an implied contract or unjust enrichment to get them back that we incurred under reservation of rights. I mean, what's your best authority that that's incorrect under Michigan law? The authority we've cited on just core contract principles. The fact that any such agreement would require a mutual assent and mutual consideration. But you can assent by conduct, right? So they gave you the reservation of rights and you accepted the defense. Certainly. You didn't say, no, no, don't defend me or I want to negotiate something. The performance of a pre-existing duty does not constitute consideration for implied contract. But you can only point on that if we agree that the district court was wrong, that the duty to defend terminated at the second amendment, second amended to complaint. Correct, your honor. I think, you know, the issue has been analyzed both ways. We've briefed what other jurisdictions have held on this point. You know, it's kind of your burden to establish district court made an error here. I mean, we don't reverse, you know, willy-nilly. I mean, the appellate has to establish there was a reversible error here. Understood, your honor. I think, you know, we would ask for remand so that the district court could clarify its basis for finding an implied impact contract. Only one opinion was cited. It was an unpublished opinion of this circuit. No Michigan law was analyzed in the opinion. And so, we don't really know how to approach the issue on appeal because we don't really have a ruling at this point. Anything further? No, your honor. All right. Any further questions? No. Thank you. All right. Thank you very much, counsel. Three minutes for rebuttal. Thank you, your honor. With regard to the point that counsel was raising about the termination of the obligation, even if there's initially a duty to defend, the American bumper case, which is cited under Michigan law, states that an insurer owes a duty to defend until the claims against the policyholder are confined to those theories outside the scope of coverage under the policy. And that's what happened at least as of the time when the second amended complaint was filed. And so, there is Michigan authority that holds that the obligation to defend stops at that point. Counsel, I think, was citing Sandusky, which is Ohio law, which is different than Michigan law. Similarly, with regard to the reimbursement issues, Michigan law is clear that there is either implied in fact or unjust enrichment. Here we have a reservation of rights to either theory. And to answer Judge Bush, your question about what's the difference with implied in fact, then you have basically a contractual agreement, unjust enrichment. You have a party accepting benefits to which it wasn't equitably entitled to have and was unjustly enriched and the party should be placed back into the original positions. And unless the court has any other questions, we'll submit. Thank you. Thank you.